**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PDB LIMITED,<br><br>                 Plaintiff,<br><br>    v.<br><br>PETRÓLEOS DE VENEZUELA S.A. and<br>PDVSA PETRÓLEO, S.A.,<br><br>                 Defendants. | Civil Action No.: _____ |

## COMPLAINT

Plaintiff PDB Limited ("**Plaintiff**" or "**PDB**"), by its undersigned counsel, as and for its Complaint against Defendants Petróleos de Venezuela S.A. ("**PDVSA**") and PDVSA Petróleo, S.A. ("**Petróleo,**" and together with PDVSA, "**Defendants**"), alleges as follows:

### NATURE OF THE ACTION

1. This is a breach of contract action arising from the failure to make contractually-mandated principal and interest payments on certain notes issued by PDVSA and guaranteed by Petróleo, which are beneficially owned by Plaintiff (such beneficial interests, the "**Notes**," as further defined in paragraph 16 below). The Notes were issued pursuant to certain Indentures (as defined in paragraph 16 below), and the terms of the various Notes are defined in those Indentures and the corresponding global certificates.

2. For its relief, Plaintiff seeks payment of all past due and unpaid principal, accrued and unpaid interest on principal, and accrued and unpaid interest on interest with respect to the Notes, as provided for in the Indentures and global certificates.

## THE PARTIES

3. Plaintiff PDB Limited is a corporation organized and existing under the laws of the British Virgin Islands. PDB is duly authorized to take any action that a registered Holder (as defined in the Indentures) of the Notes is entitled to take under the terms of the Notes and the Indentures.

4. Defendant PDVSA is the state oil company of the Bolivarian Republic of Venezuela ("**Venezuela**") with its principal place of business in Caracas, Venezuela. PDVSA is an agency or instrumentality of Venezuela pursuant to Section 1603(b) of the Foreign Sovereign Immunities Act of 1976 (the "**FSIA**"), 28 U.S.C. §§ 1330 et seq., because it is 100% owned by Venezuela, which is a foreign state under Section 1603(a) of the FSIA.

5. Defendant Petróleo is a subsidiary of PDVSA organized under the laws of Venezuela with its principal place of business in Caracas, Venezuela. Petróleo is an agency or instrumentality of Venezuela pursuant to Section 1603(b) of the FSIA because it is wholly-owned by PDVSA, and is therefore a sovereign organ.

## JURISDICTION, VENUE AND STANDING

6. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1330 because both Defendants are a foreign state, and both Defendants have explicitly and unconditionally waived sovereign immunity with respect to claims arising out of the Indentures, including the claims asserted in this Complaint. Indentures (as defined in paragraph 16 below), Article 10.10.

7. This Court has personal jurisdiction over Defendants, both of which consented in the Indentures to submit to the jurisdiction of the Court with respect to any action or proceeding

that may be brought in connection with the Indentures and the global certificates issued thereunder. *Id.*

8. Each of the Defendants irrevocably appointed Corporation Service Company, 1180 Avenue of the Americas, Suite 210, New York, NY 10036, as its authorized agent for service of process.

9. Venue is proper in this district by agreement of the parties and because Defendants consented to and irrevocably waived any objection to venue in this District. *See* Section 10.10 of each Indenture (as defined in paragraph 16 below). Venue is also proper under 28 U.S.C. § 1391(f)(1) because a substantial part of the events and omissions giving rise to this claim arose in this District. Among other things, Defendants have made and breached promises to investors in this District, have availed themselves of the jurisdiction of this District to induce investors to purchase and hold the Notes, and have failed to make payments in this District as required under the Indentures. Defendants further waived any defense that this Court would be an inconvenient forum for this action. *Id.*

10. Plaintiff has standing to bring this action. Plaintiff has requested authorization from the registered Holders (as defined in the Indentures) to take any and all actions and exercise any and all rights and remedies that the registered Holders are entitled to take, including to commence and prosecute this action, with respect to the Notes.

11. Plaintiff acquired the Notes for investment purposes and not purely for the purpose of pursuing this lawsuit. Plaintiff purchased the Notes for a sum of more than $500,000 in the aggregate. Accordingly, N.Y. Jud. Law § 489(1) does not bar recovery.

## FACTUAL ALLEGATIONS

**The 9% Notes**

12.  Plaintiff is the beneficial owner of $56,934,715 principal amount of 9% Notes due 2021 issued by PDVSA, ISIN No. USP7807HAP03 (the "**9% Notes**") pursuant to an indenture dated November 17, 2011 (the "**9% Notes Indenture**").  A true and correct copy of the 9% Notes Indenture is attached as Exhibit 1.  The 9% Notes accrue interest at the rate of 9% per annum, and provide for the payment of such interest on principal on May 17 and November 17 of each year.  Any amounts of interest which are not paid when due accrue interest at the rate of 9% per annum pursuant to CPLR §§ 5001 and 5004.  Principal payments on the 9% Notes were due on November 17, 2019, November 17, 2020, and November 17, 2021, since which time the entire principal amount of the 9% Notes has been due and payable.

13.  Under Article 7.01 of the 9% Notes Indenture, Petróleo agreed to "irrevocably and unconditionally" guarantee the "due and punctual payment" of any amounts that become due from PDVSA on the 9% Notes, and, upon PDVSA's failure to pay such amounts when due, to "forthwith pay the amount not so paid at the place and time and in the manner specified in" the Indentures.  Under Article 7.02 of the 9% Notes Indenture, "[t]o the extent permitted by Applicable Law, the obligations of [Petróleo] hereunder are unconditional and absolute[.]"

**The 12.75% Notes**

14.  Plaintiff is the beneficial owner of $47,646,900 principal amount of 12.75% Notes due 2022 issued by PDVSA, ISIN No. USP7807HAM71 (the "**12.75% Notes**") pursuant to an indenture dated February 17, 2011 (the "**12.75% Notes Indenture**").  A true and correct copy of the 12.75% Notes Indenture is attached as Exhibit 2.  The 12.75% Notes accrue interest at the rate of 12.75% per annum, and provide for the payment of such interest on principal on February 17

4

and August 17 of each year.  Any amounts of interest which are not paid when due accrue interest at the rate of 9% per annum pursuant to CPLR §§ 5001 and 5004.  Principal payments on the 12.75% Notes were due on February 17, 2020, on February 17, 2021, and February 17, 2022, since which time the entire principal amount of the 12.75% Notes has been due and payable.

15. Under Article 7.01 of the 12.75% Notes Indenture, Petróleo agreed to "irrevocably and unconditionally" guarantee the "due and punctual payment" of any amounts that become due from PDVSA on the 9% Notes, and, upon PDVSA's failure to pay such amounts when due, to "forthwith pay the amount not so paid at the place and time and in the manner specified in" the Indentures.  Under Article 7.02 of the 12.75% Notes Indenture, "[t]o the extent permitted by Applicable Law, the obligations of [Petróleo] hereunder are unconditional and absolute[.]"

**The 6% Notes**

16. Plaintiff is the beneficial owner of $18,922,399 principal amount of 6% Notes due 2024 issued by PDVSA, ISIN No. USP7807HAT25 (the "**6% Notes**" and, together with the 9% Notes and the 12.75% Notes, the "**Notes**") pursuant to an indenture dated May 16, 2014 (the "**6% Notes Indenture**" and, together with the 9% Notes Indenture and the 12.75% Notes Indenture, the "**Indentures**").  A true and correct copy of the 6% Notes Indenture is attached as Exhibit 3.  The 6% Notes accrue interest at the rate of 6% per annum and provide for the payment of such interest on principal on May 16 and November 16 of each year.  Any amounts of interest which are not paid when due accrue interest at the rate of 9% per annum pursuant to CPLR §§ 5001 and 5004. Principal payments on the 6% Notes were due and payable on May 16, 2022, and May 16, 2023.

17. Under Article 7.01 of the 6% Notes Indenture, Petróleo agreed to "irrevocably and unconditionally" guarantee the "due and punctual payment" of any amounts that become due from PDVSA on the 6% Notes, and, upon PDVSA's failure to pay such amounts when due, to "forthwith

pay the amount not so paid at the place and time and in the manner specified in" the Indentures. Under Article 7.02 of the 6% Notes Indenture, "[t]o the extent permitted by Applicable Law, the obligations of [Petróleo] hereunder are unconditional and absolute[.]"

**PDVSA's Default and Petróleo's Breach of the Guarantee**

18. Pursuant to Article 5.01(a) of each of the Indentures, the following occurrences, among others, constitute Events of Default:

(1) the failure to pay the principal of, or premium, if any, on any Notes, when such principal becomes due and payable, at any of the Principal Payment Dates, upon redemption or otherwise;

(2) the failure to pay interest and Additional Amounts, if any, on any Notes when the same becomes due and payable and the default continues for a period of 30 days;

(3) the failure to pay at final stated maturity (giving effect to any applicable grace periods and any extensions thereof) the principal amount of any Indebtedness of the Issuer or any of its Significant Subsidiaries;

19. Pursuant to Article 4.01(a) of each of the Indentures, PDVSA "agree[d] to pay the principal of and interest on the Notes on the dates and in the manner provided in the Notes and the Indenture."

20. Since November 2017, and for longer than 30 days, neither PDVSA nor Petróleo has paid any of the interest that has accrued on any of the Notes. Each such failure triggered an Event of Default under the terms of the Indentures.

21. Specifically, neither PDVSA nor Petróleo has made any of the following interest payments required by the Indentures:

| Bond Issue | ISIN | Dates of Missed Interest Payments |
|---|---|---|
| 9% Notes | USP7807HAP03 | Nov. 17, 2017; May 17, 2018; Nov. 17, 2018; May 17, 2019; Nov. 17, 2019; May 17, 2020; Nov. 17, 2020; May 17, 2021; |

| Bond Issue | ISIN | Dates of Missed Interest Payments |
|---|---|---|
|  |  | Nov. 17, 2021; May 17, 2022; Nov. 17, 2022; May 17, 2023; Nov. 17, 2023 |
| 12.75% Notes | USP7807HAM71 | Feb. 17, 2018; Aug. 17, 2018; Feb. 17, 2019, Aug. 17, 2019; Feb. 17, 2020; Aug. 17, 2020; Feb. 17, 2021; Aug. 17, 2021; Feb. 17, 2022; Aug. 17, 2022; Feb. 17, 2023; Aug. 17, 2023 |
| 6% Notes | USP7807HAT25 | Nov. 16, 2017; May 16, 2018; Nov. 16, 2018; May 16, 2019; Nov. 16, 2019; May 16, 2020; Nov. 16, 2020; May 16, 2021; Nov. 16, 2021; May 16, 2022; Nov. 16, 2022; May 16, 2023; Nov. 16, 2023 |

22.     Since November 2019, and for longer than 30 days, neither PDVSA nor Petróleo has paid any of the principal payments on the 9% Notes, the 12.75% Notes, and the 6% Notes as they became due.  Further, for longer than 30 days, neither PDVSA nor Petróleo has paid the entire principal amounts due on the 9% Notes and the 12.75% Notes, which matured on November 17, 2021, and February 17, 2022, respectively.  Each such failure triggered an Event of Default under the terms of the Indentures.

23.     Specifically, PDVSA has failed to make the following principal payments required under the Indentures:

| Issue | ISIN | Final Maturity Date | Principal Payment Dates |
|---|---|---|---|
| 9% Notes | USP7807HAP03 | Nov. 17, 2021 | Nov. 17, 2019 Nov. 17, 2020 Nov. 17, 2021 |

| Issue | ISIN | Final Maturity Date | Principal Payment Dates |
|---|---|---|---|
| 12.75% Notes | USP7807HAM71 | Feb. 17, 2022 | Feb. 17, 2020<br>Feb. 17, 2021<br>Feb. 17, 2022 |
| 6% Notes | USP7807HAT25 | May 16, 2024 | May 16, 2022<br>May 16, 2023 |

24.     On December 13, 2023, Plaintiff sent to PDVSA and Petróleo, with copies to the fiscal agents identified in the Indentures, a demand for the payment of the overdue and unpaid principal and interest described above.  A true and correct copy of this letter is attached as <u>Exhibit 4</u>.

25.     Plaintiff has performed any obligations it may have under the Indentures and the Notes.

**FIRST CLAIM FOR RELIEF**
**(For Breach of Contract on the 9% Notes due 2021) (against PDVSA)**

26.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 herein.

27.     Principal payments on the 9% Notes were due on November 17, 2019, November 17, 2020, and November 17, 2021.  The 9% Notes matured on November 17, 2021, since which time the entire principal amount of the 9% Notes has been due and payable.  PDVSA has not paid any of the principal owed to Plaintiff on the 9% Notes.

28.     Since November 17, 2017, and continuing thereafter to this day, PDVSA has paid none of the interest due to Plaintiff as required by the terms of the 9% Notes.

29.     By reason of the foregoing PDVSA has breached its contractual obligations to Plaintiff and is liable to Plaintiff for damages in an amount to be determined at the time judgment

is entered, but not less than $90,241,523, together with all accrued and unpaid interest pursuant to the terms of the 9% Notes and New York law.

## SECOND CLAIM FOR RELIEF
### (For Breach of Contract on the 9% Notes due 2021) (against Petróleo)

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 herein.

31. Principal payments on the 9% Notes were due on November 17, 2019, November 17, 2020, and November 17, 2021. The 9% Notes matured on November 17, 2021, since which time the entire principal amount of the 9% Notes has been due and payable. Neither PDVSA nor Petróleo has paid any of the principal owed to Plaintiff on the 9% Notes.

32. Since November 17, 2017, and continuing thereafter to this day, neither PDVSA nor Petróleo has paid any of the interest due to Plaintiff as required by the terms of the 9% Notes.

33. Pursuant to the terms of the Indentures, upon PDVSA's failure to make payments when due, Petróleo is obligated to pay Plaintiff the principal amount together with all accrued and unpaid interest due pursuant to the terms of the 9% Notes and New York law. Despite demand, Petróleo has failed to do so.

34. By reason of the foregoing Petróleo has breached its contractual obligations to Plaintiff and is liable to Plaintiff for damages in an amount to be determined at the time judgment is entered, but not less than $90,241,523, together with all accrued and unpaid interest due pursuant to the terms of the 9% Notes and New York law.

## THIRD CLAIM FOR RELIEF
### (For Breach of Contract on the 12.75% Notes due 2022) (against PDVSA)

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 herein.

36. Principal payments on the 12.75% Notes were due on February 17, 2020, on February 17, 2021, and February 17, 2022. The 12.75% Notes matured on February 17, 2022, since which time the entire principal amount of the 12.75% Notes has been due and payable. PDVSA has not paid any of the principal owed to Plaintiff on the 12.75% Notes.

37. Since February 17, 2018, and continuing thereafter to this day, PDVSA has paid none of the interest due to Plaintiff as required by the terms of the 12.75% Notes.

38. By reason of the foregoing PDVSA has breached its contractual obligations to Plaintiff and is liable to Plaintiff for damages in an amount to be determined at the time judgment is entered, but not less than $84,096,779, together with all accrued and unpaid interest pursuant to the terms of the 12.75% Notes and New York law.

**FOURTH CLAIM FOR RELIEF**
**(For Breach of Contract on the 12.75% Notes due 2022) (against Petróleo)**

39. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 herein.

40. Principal payments on the 12.75% Notes were due on February 17, 2020, on February 17, 2021, and February 17, 2022. The 12.75% Notes matured on February 17, 2022, since which time the entire principal amount of the 12.75% Notes has been due and payable. Neither PDVSA nor Petróleo has paid any of the principal owed to Plaintiff on the 12.75% Notes.

41. Since February 17, 2018, and continuing thereafter to this day, neither PDVSA nor Petróleo has paid any of the interest due to Plaintiff as required by the terms of the 12.75% Notes.

42. Pursuant to the terms of the Indentures, upon PDVSA's failure to make payments when due, Petróleo is obligated to pay Plaintiff the principal amount together with all accrued and unpaid interest due pursuant to the terms of the 12.75% Notes and New York law. Despite demand, Petróleo has failed to do so.

43. By reason of the foregoing Petróleo has breached its contractual obligations to Plaintiff and is liable to Plaintiff for damages in an amount to be determined at the time judgment is entered, but not less than $84,096,779, together with all accrued and unpaid interest due pursuant to the terms of the 12.75% Notes and New York law.

**FIFTH CLAIM FOR RELIEF**
**(For Breach of Contract on the 6% Notes due 2024) (against PDVSA)**

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 herein.

45. Principal payments on the 6% Notes were due on May 16, 2022, and May 16, 2023. Neither PDVSA nor Petróleo has paid any of the principal owed to Plaintiff on the 6% Notes.

46. Since November 16, 2017, and continuing thereafter to this day, PDVSA has paid none of the interest due to Plaintiff as required by the terms of the 6% Notes.

47. By reason of the foregoing PDVSA has breached its contractual obligations to Plaintiff and is liable to Plaintiff for damages in an amount to be determined at the time judgment is entered, but not less than $19,994,668, together with all other amounts due pursuant to the terms of the 6% Notes and New York law.

**SIXTH CLAIM FOR RELIEF**
**(For Breach of Contract on the 6% Notes due 2024) (against Petróleo)**

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 herein.

49. Principal payments on the 6% Notes were due on May 16, 2022, and May 16, 2023. Neither PDVSA nor Petróleo has paid any of the principal owed to Plaintiff on the 6% Notes.

50. Since November 16, 2017, and continuing thereafter to this day, PDVSA has paid none of the of interest due to Plaintiff as required by the terms of the 6% Notes.

51.     Pursuant to the terms of the Indentures, upon PDVSA's failure to make payments when due, Petróleo is obligated to pay Plaintiff the principal amount together with all accrued and unpaid interest due pursuant to the terms of the 6% Notes and New York law.  Despite demand, Petróleo has failed to do so.

52.     By reason of the foregoing Petróleo has breached its contractual obligations to Plaintiff and is liable to Plaintiff for damages in an amount to be determined at the time judgment is entered, but not less than $19,994,668, together with all other amounts due pursuant to the terms of the 6% Notes and New York law.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment against Defendants, jointly and severally, as follows:

A. On the First and Second Claims for Relief, awarding Plaintiff a money judgment jointly and severally against PDVSA and Petróleo in an amount to be determined at the time judgment is entered, but not less than $90,241,523, together with all accrued and unpaid interest due pursuant to the terms of the 9% Notes and New York law.

B. On the Third and Fourth Claims for Relief, awarding Plaintiff a money judgment jointly and severally against PDVSA and Petróleo in an amount to be determined at the time judgment is entered, but not less than $84,096,779, together with all accrued and unpaid interest due pursuant to the terms of the 12.75% Notes and New York law.

C. On the Fifth and Sixth Claims for Relief, awarding Plaintiff a money judgment jointly and severally against PDVSA and Petróleo in an amount to be determined

at the time judgment is entered, but not less than $19,994,668, together with all other amounts due pursuant to the terms of the 6% Notes and New York law.

D. Awarding Plaintiff its costs, attorneys' fees, and such other further relief as the Court shall deem just and proper.

DATED: New York, New York
December 13, 2023

                **QUINN EMANUEL URQUHART**
                   **& SULLIVAN, LLP**


By: */s/ Dennis H. Hranitzky*
Dennis H. Hranitzky
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, UT 84121
Tel: 801-515-7300
Fax: 801-515-7400
dennishranitzky@quinnemanuel.com

Debra D. O'Gorman
Yehuda Goor
Laura Santos-Bishop
Charles F. Rice
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: 212-849-7000
Fax: 212-849-7100
debraogorman@quinnemanuel.com
yehudagoor@quinnemanuel.com
laurasantosbishop@quinnemanuel.com
charlesrice@quinnemanuel.com

*Attorneys for Plaintiff*