**quinn emanuel** trial lawyers | salt lake city

2755 E. Cottonwood Parkway, Suite 430, Salt Lake City, Utah 84121-6950 | TEL (801) 515-7300 FAX (801) 515-7400

June 26, 2024

<u>VIA ECF</u>

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *PDB Limited v. Petróleos De Venezuela S.A. and PDVSA Petróleo S.A.*, 1:23-cv-10843 (AT) – Joint Letter Pursuant to June 5, 2024 Order

Dear Judge Torres:

On behalf of plaintiff PDB Limited and defendant Petróleos de Venezuela, S.A. ("**PDVSA**," and together with plaintiff, the "**Parties**")[1] in the above-referenced action (the "**Action**"), the undersigned counsel for the Parties respectfully submit this joint letter pursuant to Your Honor's June 5, 2024 Order [ECF. No. 27].

**Plaintiff PDB Limited's position is as follows.** PDB Limited has attempted over the past several weeks to engage with PDVSA through its counsel at Vinson & Elkins LLP to discuss whether the certificate of default should be vacated and any other outstanding issues. On June 11, 2024, the undersigned counsel for PDB Limited wrote to PDVSA counsel Dora Georgescu, Andreina Escobar and Camila Gomez Lega, to propose that PDB Limited would stipulate to vacate the clerk's certificate of default on the condition that defendant PDVSA agree not to contest service of process and respond to the Complaint no later than July 29, 2024. After receiving follow-up emails on June 14 and 21, PDVSA counsel finally responded on June 24 to propose a call, which took place just yesterday on June 25. In those discussions, PDVSA rejected PDB Limited's

---

[1] Defendant PDVSA Petróleo S.A. ("**Petróleo**") has failed to appear altogether.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | L LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

proposal and indicated an intent to move to dismiss the Action for inadequate service. Had PDVSA counsel promptly engaged with counsel for PDB Limited, there would have been greater opportunity for meaningful discussion.

Given PDVSA's unwillingness to engage in any constructive discussion regarding the path forward and Petróleo's failure to appear all together, it is Plaintiff's position that the certificate of default should be maintained and that a default judgment be entered against both defendants. As explained in PDB Limited's prior submissions at ECF Nos. 16, 17, 20 and 21, valid service of the summons and Complaint has been made by delivery to the defendants' irrevocably appointed agent for service and there is no excuse for defendants' failure to timely respond to the Complaint. In the spirt of cooperation, Plaintiff was willing to consent to vacate the certificate of default as to PDVSA provided that PDVSA agree not to challenge service and allow the case to promptly move toward summary judgment, but PDVSA declined to engage any discussion of compromise.

This is not a case in which a default judgment is disfavored. This is a straightforward case for breach of contractual obligations under Notes issued by PDVSA for which there is no valid defense. This Court has already found in at least one materially identical case involving PDVSA's non-payment on notes that service identical to that completed here is valid. It has previously been found "[b]ecause PDVSA irrevocably appointed designated agents in the Notes and has not appointed successor agents in the City of New York, Plaintiffs complied with the contractual arrangements and Section 1608(b)(1) of the FSIA by serving those designated agents." *Pharo Gaia Fund, Ltd. v. Petroleos de Venezuela, S.A.*, No. 23-cv-10071 (JSR), 2024 WL 917608, at *2 (S.D.N.Y. Mar. 4, 2024) (entering a default judgment). *See also G&A Strategic Investments LLC, et al. v. Petróleos de Venezuela, S.A., et al.*, 23-cv-10766 (JSR)(granting default judgment as to PDVSA where service was made on irrevocably appointed agent Corporation Service Company); *Girard Street Investment Holdings LLC v. Petroleos de Venezuela, S.A. et al*, 1:23-cv-10772 (JSR) (same). This same reasoning applies here and the certificate of default should be maintained and a default judgment entered.

**Defendant PDVSA's position is as follows.** As a threshold matter, PDVSA respectfully disagrees with PDB Limited's representation regarding PDVSA's engagement in discussions. The undersigned counsel for PDVSA initially contacted counsel for Plaintiff on May 29, 2024. The Parties' counsel exchanged emails prior to the Court's June 5, 2024 order. On June 11, following the Court's order, Plaintiff offered to stipulate to vacate the default certificate on the condition that PDVSA agrees to waive its right to adequate service of process. On June 14, the undersigned counsel for PDVSA informed counsel for PDB Limited that they were conferring with PDVSA and would revert shortly. Counsel for PDB Limited asked for an update on June 21, and the undersigned replied that PDVSA was discussing internally and would have an answer by Monday, June 24. On June 24, after receiving a response from PDVSA regarding Plaintiff's proposed stipulation, the undersigned asked counsel for PDB Limited for a call the following day. The undersigned and counsel for PDB Limited spoke on June 25.

As an instrumentality of a foreign sovereign, PDVSA has more complex and lengthy decision-making procedures than commercial entities. Nonetheless, it carefully considered

2

Plaintiff's offer and provided its response in time for the Parties to submit this joint letter pursuant to the Court's order.

Plaintiff's offer would require PDVSA to waive its statutory rights to adequate service of process and personal jurisdiction. PDVSA is an instrumentality of Venezuela pursuant to Section 1603(b) of the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. §§ 1330 et seq. *See Skanga Energy & Mar. Ltd. v. Arevenca, S.A.*, 2014 WL 3928704, at *8 (S.D.N.Y. Aug. 12, 2014) (acknowledging that PDVSA is a foreign "government instrumentality"). Accordingly, PDVSA is subject to the FSIA, which provides the "sole basis for obtaining jurisdiction" over a foreign instrumentality in the United States. *See Argentine Republic v. Amerada Hess Shipping Corp. et al.*, 488 U.S. 428, 434 (1989); *Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 83 (2d Cir. 2013) ("The only source of subject matter jurisdiction over a foreign sovereign or its instrumentalities in the courts of the United States is the FSIA[.]") (citation omitted).

Plaintiff has not served PDVSA pursuant to the FSIA's requirements. While the FSIA allows for service upon an instrumentality through a "special arrangement," *see* 28 U.S.C. § 1608(b)(1), such service was not effectuated here. PDVSA's service agent, Corporation Service Company ("CSC"), resigned as PDVSA's agent and refused to accept service on PDVSA's behalf. As Plaintiff acknowledges, there are currently other similar actions against PDVSA in New York state and federal courts. In such cases, the plaintiffs have pursued alternative methods of service under FSIA upon learning from CSC that service of the pleadings had been rejected. *See, e.g., Sendibel Trading, S.A. v. Petróleos de Venezuela, S.A.*, index No. 650617/2024 (N.Y. Sup. Ct.), NYSCEF 26.

Critically, the FSIA's service requirements are inextricably tied with the Court's jurisdiction over foreign states and their instrumentalities. *See* 28 U.S.C. §1330 (a)-(b) (providing that district courts shall have personal jurisdiction over foreign states and their instrumentalities where (1) there is subject matter jurisdiction; and (2) the defendant is served in accordance with the FSIA); *see also Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 104 (2d Cir. 2017) ("Under the FSIA, federal courts are empowered to exercise personal jurisdiction over a foreign sovereign when two conditions obtain: (1) an exception from jurisdictional immunity established by the FSIA applies, ***and (2) the sovereign has been served with process in accordance with the FSIA's provisions***.") (emphasis added).

Here, given that Plaintiff has not yet served PDVSA with adequate process, Plaintiff has failed to establish the Court's jurisdiction over PDVSA. *See Mobil Cerro Negro, Ltd.*, 863 F.3d at 125-26 (reversing judgment against Venezuela because plaintiffs had not served Venezuela in accordance with the FSIA and, thus, the district court did not have personal jurisdiction over Venezuela). Because PDVSA has not been served pursuant to the FSIA, a default judgment would be void. *See Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 385 (S.D.N.Y. 1986) ("If service upon a defendant is later found to be defective . . . if a default judgment has been entered, it is void under Rule 60(b)(4).").

For the foregoing reasons, PDVSA intends to move to vacate the certificate of default and to dismiss for lack of personal jurisdiction. Accordingly, PDVSA respectfully requests that the Court set a briefing schedule for PDVSA's motion and Plaintiff's opposition.

Respectfully submitted,

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | VINSON & ELKINS LLP |
|---|---|
| By: */s/ Dennis Hranitzky* <br> Dennis H. Hranitzky <br> 2755 E. Cottonwood Parkway, Suite 430 <br> Salt Lake City, UT 84121 <br> Tel: 801-515-7300 <br><br> Debra D. O'Gorman <br> Yehuda Goor <br> Laura Santos-Bishop <br> Charles F. Rice <br> 51 Madison Avenue, 22nd Floor <br> New York, NY 10010 <br> Tel: 212-849-7000 <br><br> *Attorneys for Plaintiff PDB Limited* | By: */s/ Dora Georgescu* <br> Dora Georgescu <br> 1114 Avenue of the Americas <br> 32nd Floor <br> New York, NY 10036 <br> Tel: (212) 237-0186 <br> dgeorgescu@velaw.com <br><br> Andreina Escobar <br> 845 Texas Avenue <br> Suite 4700 <br> Houston, TX 77002 <br> Tel: (713) 758-2556 <br> aescobar@velaw.com <br><br> *Attorneys for Defendant Petróleos de Venezuela, S.A.* |