# Vinson&Elkins

Dora Georgescu  dgeorgescu@velaw.com
**Tel** +1.212.237.0186  **Fax** +1.917.849.5373

September 4, 2024

**Via ECF/CM and Email**

Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Court House
500 Pearl Street
New York, New York 10007

**RE:** *PDB Limited v. Petróleos de Venezuela, S.A. and PDVSA Petróleo S.A.*, No. 1:23-cv-10843 (AT): Petróleos de Venezuela, S.A.'s Response to the Court's August 28, 2024 Order

Dear Judge Torres:

  We represent Defendant Petróleos de Venezuela, S.A. ("PDVSA"). We write pursuant to your Honor's order, dated August 28, 2024, which asks PDVSA to inform the Court whether it intends to rely on its motion to dismiss, filed on August 5, 2024, in light of the Amended Complaint that PDB Limited ("PDB") filed on August 23, 2024.

  PDVSA moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction due to PDB's failure to serve PDVSA—a foreign instrumentality—in accordance with the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1330, 1441, 1602 – 11 (the "FSIA"). *See* Dkt. Nos. 30 – 33. On August 12, 2024, PDB's counsel informed the undersigned that it would amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) and seek to initiate service of process on PDVSA through the Hague Convention. The undersigned informed PDB's counsel that service under the Hague Convention is not proper because such service would need to be effectuated upon the Venezuelan Central Authority, which would then forward the complaint to the Nicolás Maduro-appointed board of PDVSA that sits in Venezuela, which the United States does not recognize. Rather, as set forth in PDVSA's motion to dismiss, service must be made in accordance with 28 U.S.C. § 1608(b)(3) to provide actual notice to the 2015 National Assembly, which is the only government recognized by the United States.

  Because PDVSA's motion to dismiss was based on PDB's failure to serve the Complaint, PDVSA withdraws its motion now that PDB has filed an Amended Complaint. However, PDVSA reasserts that PDB must serve the Amended Complaint on PDVSA in accordance with 28 U.S.C. § 1608(b)(3) and reserves its right to file another motion to dismiss in the event that PDB fails to properly serve the Amended Complaint on PDVSA.

**Vinson & Elkins LLP  Attorneys at Law**
Austin  Dallas  Dubai  Houston  London  Los Angeles
New York  Richmond  San Francisco  Tokyo  Washington

Texas Tower, 845 Texas Avenue, Suite 4700
Houston, TX 77002
**Tel** +1.713.758.2222  **Fax** +1.713.758.2346  velaw.com


**Via ECF/CM and Email**   September 4, 2024   Page 2

Respectfully,

*/s/ Dora Georgescu*
Dora Georgescu