# Vinson&Elkins

Dora Georgescu dgeorgescu@velaw.com
**Tel** +1.212.237.0186 **Fax** +1.917.849.5373

November 1, 2024

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Re:** *PDB Ltd. v. Petróleos de Venezuela, S.A. and PDVSA Petróleo, S.A., Civil Case No. 23-cv-10843-AT: Pre-Motion Letter*

Dear Judge Torres:

Pursuant to Rules III.A and III.B of Your Honor's Individual Practices, we write on behalf of Petróleos de Venezuela S.A. ("PDVSA") and PDVSA Petróleo, S.A. ("Petróleo" and together with PDVSA, "Defendants") to request leave to move to dismiss PDB Ltd.'s ("Plaintiff") Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

## I.     Background

This case arises from a series of notes (the "Notes") issued by PDVSA pursuant to three indentures dated February 17, 2011, November 17, 2011, and May 16, 2014 (collectively, the "Indentures") and guaranteed by Petróleo. Plaintiff initiated this action for breach of contract on December 13, 2023, alleging that Defendants had failed to make required principal and interest payments under the Indentures. *See* Compl., Dkt. No. 1.

PDVSA moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction based on Plaintiff's failure to serve PDVSA in accordance with the Foreign Sovereign Immunities Act (the "FSIA"). *See* Dkt. Nos. 30–33. While PDVSA's motion was pending, Plaintiff filed its Amended Complaint. *See* Am. Compl., Dkt. No. 35. In response to the Amended Complaint and the Court's Order dated August 28, 2024, *see* Dkt. No. 37, PDVSA informed the Court that it would withdraw its motion to dismiss for lack of personal jurisdiction *if* Plaintiff properly served PDVSA pursuant to 28 U.S.C. § 1608(b)(3) and reserved its right to file another motion to dismiss. *See* Dkt. No. 42. Subsequently, Petróleo retained undersigned counsel. *See* Dkt. Nos. 47–49.

On October 24, 2024, in accordance with Rule III.B(ii) of Your Honor's Individual Practices, Defendants informed Plaintiff that they would seek leave to move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). Plaintiff responded by letter dated October 28, 2024 (the "October 28 Letter").

**Vinson & Elkins LLP Attorneys at Law**                                                   The Grace Building, 1114 Avenue of the Americas, 32nd Floor
Austin Dallas Dubai Dublin Houston London Los Angeles                    New York, NY 10036
New York Richmond San Francisco Tokyo Washington                          **Tel** +1.212.237.0000 **Fax** +1.212.237.0100 velaw.com

## II.    Plaintiff Lacks Standing

Plaintiff has not pled facts sufficient to show that it has standing to assert claims under the Indentures.  The right to institute an action to enforce the Indentures is reserved for Holders and the Trustee (as defined in the Indentures).  *See* Dkt. Nos. 35-1 at Art. 5.01(g), (i); 35-2 at Art. 5.01(g), (i); 35-3 at Art. 5.01(g), (i).  As relevant here, the "Holder" is defined as "the Person in whose name a Note is registered on the registrar's books."  Dkt. Nos. 35-1 at Art. 1.01; 35-2 at Art. 1.01; 35-3 at Art. 1.01.

Plaintiff does not allege that it is a registered Holder.  It alleges only that it is a "beneficial owner" of the Notes and "has ***requested*** authorization from the registered Holders (as defined in the Indentures) to take any and all actions and exercise any and all rights and remedies that the registered Holders are entitled to take, including to commence and prosecute this action."  *See* Am. Compl. ¶¶ 10, 12, 14, 16 (emphasis added).  However, courts have routinely stated that "an owner of a beneficial interest . . . must ***receive*** authorization from the registered holder of the bond before it may sue."  *Etevob v. Republic of Argentina*, 471 F. Supp. 2d 432, 443 (S.D.N.Y. 2007) (emphasis added), *aff'd sub nom. Mazzini v. Republic of Argentina*, 282 F. App'x 907 (2d Cir. 2008).  Because Plaintiff has not alleged that it is a registered Holder or that it has received authorization from the registered Holder, Plaintiff is without authority to sue, and this action must be dismissed.  *See, e.g., Cortlandt St. Recovery Corp. v. Deutsche Bank AG, London Branch*, No. 12 Civ. 9351 (JPO), 2013 WL 3762882, at *3 (S.D.N.Y. July 18, 2013) (dismissing complaint because plaintiff failed to "allege that *title* to or *ownership* of the *claims* has been assigned"); *MacKay Shields LLC, Deltec Asset Mgmt. Corp. v. Sea Containers, Ltd.*, 751 N.Y.S.2d 485, 486 (1st Dep't 2002) ("Inasmuch as it is undisputed that plaintiffs are not registered holders, they are without standing to sue, regardless of whether they are beneficial holders.").

In the October 28 Letter, Plaintiff cited to *Lovati v. Petroleos de Venezuela*, No. 19-cv-4799 (ALC), 2021 WL 5908953, at *2 (S.D.N.Y. Dec. 14, 2021), to support its argument that it was not required to obtain the requisite authorization before initiating this action.  However, *Lovati* is easily distinguishable.  There, plaintiffs alleged in their amended complaint that they received prior authorization to initiate the action and attached the signed authorization from the registered holder to their amended complaint.  *See* Suppl. Am. Compl., *Lovati*, No. 19-cv-04799 (Jan. 3, 2022), Dkt. No. 72[1]; Cede & Co. Authorization Letter, *id.*, Dkt No. 72-2.  Here, by contrast, Plaintiff has failed to even allege that it obtained authorization,

---

[1] The *Lovati* Plaintiffs alleged: "On February 1, 2021, Cede & Company, as nominee of the Depository Trust Company authorized Plaintiffs, as Beneficial Owners of the Notes due 2021, CUSIP No. P7807HAP0, 'to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of such Notes is entitled to take . . . A true and accurate copy of the authorization letter is attached as Exhibit B.  This was the second such authorization letter Plaintiffs received, the first of which was dated June 2, 2020.'" *Id.* at ¶ 7

much less demonstrate as much by attaching the signed authorization to the Amended Complaint. *See* Dkt. Nos. 35, 35-1–35-4. Notably, Plaintiff had *eight* months between initiating this action on December 13, 2023, and filing the Amended Complaint on August 23, 2024, to obtain the requisite authorization from the registered Holders and still failed to do so. The circumstances here are more similar to those in *Sudarsan v. Seventy Seven Energy Inc.*, where the court dismissed the action for lack of standing because plaintiff did not obtain the registered holder's authorization to sue before initiating the action. No. 17 Civ. 2342 (GBD) (GWG), 2018 WL 1088004, at *5 (S.D.N.Y. Feb. 6, 2018).

Even if Plaintiff is the registered Holder of the Notes (it is not) or has received authorization from the registered Holder to take any action that the registered Holder is entitled to take (it has not), Plaintiff's claims for breach of contract still fail because it has not alleged that it satisfied the conditions precedent to instituting an action to enforce the Indentures. Indeed, each Indenture states that "[a] Holder shall not have any right to institute any suit, action or proceeding" to enforce the Indenture unless the Holder has satisfied the five conditions enumerated in Art. 5.01(i). *See* Dkt. Nos. 35-1 at Art. 5.01(i); 35-2 at Art. 5.01(i); 35-3 at Art. 5.01(i). Plaintiff does not plead any facts alleging that it fulfilled even one of these conditions, much less all five conditions. Accordingly, even if Plaintiff is the registered Holder or has received authorization from the registered Holder, this action is not permitted by the terms of the Indentures.

Plaintiff's failure to plead facts sufficient to show that it has standing warrants dismissal under Fed. R. Civ. P. 12(b)(6). *See Cortlandt St. Recovery Corp.*, No. 12 Civ. 9351 (JPO), 2013 WL 3762882, at *1 (S.D.N.Y. July 18, 2013) ("At the motion to dismiss stage, Plaintiff must allege facts that affirmatively and plausibly suggest that it has standing to sue.") (citation omitted); *Terry v. Charitable Donor Advised Fund, L.P.*, No. 1:21-cv-11059 (GHW), 2024 WL 382113, at *12 (S.D.N.Y. Feb. 1, 2024) ("Contractual standing is appropriately decided on a motion to dismiss.") (citation omitted).

### III. Plaintiff has Failed to Establish the Court's Jurisdiction over PDVSA

Plaintiff has not perfected service of the Amended Complaint on PDVSA and has, thus, failed to establish the Court's jurisdiction over PDVSA. On September 4, 2024, PDVSA informed Plaintiff that "service must be made in accordance with the FSIA 28 U.S.C. § 1608(b)(3) to provide actual notice to the 2015 National Assembly." *See* Dkt. No. 45. Despite this explicit instruction, Plaintiff again attempted service on Corporation Service Company ("CSC"), *knowing* that CSC is not authorized to accept service on behalf of PDVSA, as PDVSA extensively explained in its Motion to Dismiss, filed on August 5, 2024. *See* Dkt. Nos. 30–31. Plaintiff also attempted to serve the Amended Complaint on the President of the PDVSA Ad Hoc Board, Horacio Medina, who is not authorized to accept service on behalf of PDVSA. Notably, Plaintiff violated the clear procedures set forth in 28 U.S.C. § 1608(b)(3)(B), and this Court's

**V&E**

Procedures,[2] by failing to certify to the Court that it sent to Mr. Medina a set of documents in Venezuela's official language, Spanish.  Further, it failed to furnish to the Court copies of all documents for the Court's file.  Even if Mr. Medina could accept service on PDVSA's behalf (he cannot), this Court cannot confirm that service was perfected without proof of all documentation mailed to him.  Accordingly, PDVSA renews its arguments asserted in its Motion to Dismiss.  *See* Dkt. Nos. 30–31.[3]

      Because Plaintiff still has not complied with the FSIA's service requirements, Plaintiff has failed to establish the Court's jurisdiction over PDVSA.  Accordingly, in addition to the grounds for dismissal under Fed. R. Civ. P. 12(b)(6) set forth above, dismissal of all claims against PDVSA is warranted under Fed. R. Civ. P. 12(b)(2).

      Respectfully,

*/s/ Dora Georgescu*
Dora Georgescu

CC: All Counsel

---

[2] U.S. Dist. Ct. S.D.N.Y. Clerk's Office Foreign Mailing Instructions, *Procedures for Service Pursuant 28 U.S.C. § 1608(b)(3)(B)*, https://www.nysd.uscourts.gov/sites/default/files/2024-06/Foreign_MailingInstructions-1_Interim%202024.pdf.

[3] PDVSA previously withdrew, and the Court directed the Clerk of Court to terminate, the Motion to Dismiss.  *See* Dkt. Nos. 42, 45.