C | T | S | W

COHEN TAUBER SPIEVACK & WAGNER P.C.

Sari E. Kolatch

direct: 212-381-8729
e-mail: skolatch@ctswlaw.com

September 18, 2026

**Via ECF**

Hon. Jennifer E. Willis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*Re: PDB Limited v. Petróleos de Venezuela, S.A., et al.*, No. 23-cv-10843 (AT) (JW)

Dear Judge Willis:

Plaintiff PDB Limited ("PDB") submits this letter in accordance with the Court's Order dated September 3, 2026, as modified on September 10, 2026. (Dkts. 110, 112.)

This action seeks principal and interest due on three series of matured PDVSA Notes. PDVSA's nonpayment is not meaningfully subject to factual dispute. The material liability issues are established by documentary evidence: the Indentures establish PDVSA's payment obligations and Petróleo's guarantees; PDB's custody records and Cede & Co. authorization establish ownership and authority to enforce; and the Trustees' notices establish default.

Champerty is the only defense that has arguably required discovery. Before the parties sought a stay in June 2025 to engage in settlement discussions, PDB produced documents showing that it paid more than $500,000 in cash for the PDVSA Notes at issue in this action and thus, the safe harbor provision of New York Judiciary Law § 489(2) applies. As a result, the case was stayed for approximately eight months while the parties attempted to negotiate a resolution. When that failed, the stay was lifted. Putting aside the safe harbor issue, PDB produced additional documents showing that litigation was not the primary purpose of its acquisition of the Notes. Documents produced reflected that PDB is wholly owned within an established investment-fund structure whose business contemplated acquiring, holding, selling, restructuring, exchanging and, when necessary, enforcing distressed debt. See *Elliott Assocs., L.P. v. Banco de la Nación*, 194 F.3d 363, 378–81 (2d Cir. 1999) (the acquisition of distressed sovereign debt was not champertous where the investor's primary objective was payment of the debt, even though it anticipated and intended to sue if full payment was not forthcoming).

After multiple extensions, fact discovery closed on August 20, 2026. This history is as follows: The initial case management plan provided for discovery to be completed by June 13, 2025. (Dkt. 75.) On June 4, 2025, the parties jointly requested a stay of discovery pending settlement negotiations, which was ultimately continued through March 16, 2026. (See Dkts. 76, 77-79, 81-94, 96, 97.) A new case management plan was entered on March 17, 2026. After two

extensions, the final schedule required depositions to be completed by July 15, 2026 and fact discovery to close on July 20, 2026. (Dkts. 97, 100–103.)

In the joint letter submitted by the parties on March 16, 2026, PDB stated that it did "not believe that any additional discovery is necessary to resolve the issues presented in this action and reserves its right to object to any specific discovery requests." (Dkt. 96.)

During discovery (over both the initial discovery period and post-stay) prior counsel served discovery, received PDB's responses, objections and productions, and made decisions concerning what additional discovery to pursue. Prior counsel chose not to take any depositions (and did not serve any notices), seek additional documents, move to compel further responses, or otherwise challenge PDB's objections during the discovery period.

On July 16, 2026, after the deposition deadline had passed, prior counsel requested a stay to permit Defendants to obtain substitute counsel. (Dkt. 104.) On July 17, 2026 (three days before the close of discovery) the Court issued an order that "[t]he case is STAYED until August 17, 2026. Defendants must obtain substitute counsel by that date as well." (the "July 17 Order") (Dkt. 105.) On August 4, 2026, prior counsel filed a motion to withdraw as counsel. (Dkt. 106.) In response to my inquiry, prior counsel confirmed that "PDVSA and PDVSA Petróleo, S.A. have been informed of the Court's order and the 8/17 deadline."

Despite being aware of the July 17 Order, Defendants failed to comply and did not appear on August 17. On August 20, 2026, the Court scheduled a September 3, 2026 conference and directed a representative of Defendants to attend. (Dkt. 107.) New counsel filed a notice of appearance a few hours before the scheduled conference.[1] (Dkts. 108, 109.)

The stay expired on August 17, 2026 and the three remaining days left for discovery expired on August 20. Defendants had more than six months to conduct discovery (over an extended period). Rule 16(b)(4) provides that a scheduling order may be modified only for good cause and with the Court's consent. The appearance of new counsel does not establish good cause to reopen discovery. Rule 16(b)(4) requires diligence, not a showing that successor counsel would have litigated the case differently. *See Emamian v. Rockefeller Univ.*, 823 F. App'x 40, 43–44 (2d Cir. 2020) (new counsel's desire to reopen discovery to pursue the case differently does not constitute good cause).

As Plaintiff has maintained since the first case management order, there was no need for broad discovery here, given the limited factual issues. Prior counsel's decision not to pursue depositions, compel further responses, or seek additional discovery reasonably reflected the limited issues in the case, which were resolved by the documents already produced. The fact that new counsel would take a different approach does not constitute good cause. Moreover, reopening discovery would prejudice PDB. This case has already been pending for three years, and considerable time has been lost, first because Defendants failed to appear and defend the action and then because the parties pursued a resolution proposed by Defendants that ultimately

[1] This is not the first time Defendants demonstrated a lack of urgency in this case. Defendants did not initially appear in this case until five days *after* PDB filed a motion for a default judgment. (See Dkts. 18-24).

proved not to be a serious proposal. The case should not be delayed further simply because Defendants have now retained new counsel who wants to pursue discovery differently from predecessor counsel. That prejudice is particularly significant because this case does not require substantial discovery. Reopening discovery now would transform a relatively discrete case into a prolonged discovery proceeding and deprive PDB of the benefit of the discovery schedule that has already run.

Without waiving its position that discovery is closed, PDB nevertheless attempted to reach a reasonable accommodation with successor counsel. PDB asked Defendants to identify any discrete supplemental discovery they believed was necessary and offered to produce a Rule 30(b)(6) witness on agreed-upon, relevant topics. After requesting five days to respond, Defendants did not identify targeted additional discovery. Instead, they reiterated their request for a ninety-day extension, during which they envisioned that the parties would meet and confer over PDB's existing objections and that Defendants would pursue a Rule 30(b)(6) deposition on topics they did not identify.

This was not the intent of PDB's proposal. PDB is not seeking to restart discovery or engage in extensive meet-and-confer conferences and dispute letters to the Court. The time to do that has passed and prior counsel chose not to pursue it.

PDB made one last good faith attempt to reach an agreement. We identified the specific categories of additional documents that PDB was prepared to produce and offered a Rule 30(b)(6) witness on discrete topics directly relevant to the claims and defenses, including: PDB's corporate relationship with the Fund, including the Fund's status as PDB's sole shareholder; PDB's acquisition and ownership of the Notes; PDB's and the Fund's business and investment purposes concerning the Notes; PDB's authority and standing to enforce the Notes; PDB's and the Fund's efforts and plans to obtain payment, restructuring, or other recovery on the Notes; and Defendants' failure to pay principal and/or interest due on the Notes. Defendants' counsel did not respond to PDB's proposal.

PDB maintains that discovery is closed and no good cause exists to reopen it. PDB's willingness to provide targeted supplemental discovery does not change that position.[2] The limited supplemental production and Rule 30(b)(6) deposition on the topics PDB identified can be completed within thirty-five (35) days from the Court's decision. That timetable, however, is feasible only if the supplemental discovery is limited to what PDB has proposed. PDB respectfully requests its opening summary judgment brief be due thirty (30) days after the completion of that limited discovery, Defendants' opposition brief thirty (30) days thereafter, and PDB's reply fifteen (15) days after the opposition. If the Court determines that no supplemental discovery is warranted, we respectfully request the same briefing schedule from the date of the Court's ruling.

Respectfully submitted,

Sari E. Kolatch

Sari E. Kolatch

---

[2] The appearance yesterday of yet another new counsel for Defendants does not alter PDB's position.