GT GreenbergTraurig

Hal S. Shaftel
212.801.9200
shaftelh@gtlaw.com

September 18, 2026

**VIA ECF**

The Honorable Jennifer E. Willis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *PDB Limited v. Petroleos De Venezuela S.A. et al*, No. 1:23-cv-10843-AT-JW**

Dear Magistrate Judge Willis:

As new counsel as of yesterday (ECF No. 114) for Defendants Petroleos De Venezuela S.A. and PDVSA Petroleo (collectively, "PDVSA"), we write pursuant to Your Honor's order dated September 10, 2026 (ECF No. 112), which directs the parties to today advise the Court if they had reached an agreement regarding discovery/case management matters or, if unable to do so, to submit their respective positions and proposed schedules for the Court's consideration.

We understand from predecessor counsel, Harris Trzaskoma LLP, which itself appeared only two weeks ago in an interim role on the day Vinson & Elkins ("V&E") as prior counsel withdrew (ECF Nos. 108 & 109), that they and counsel for Plaintiff PDB Limited ("PDB") engaged in good faith, constructive, but ultimately unsuccessful communications over the past week to resolve discovery/case management issues as to the timing and scope of further discovery.

Under the unique circumstances of this case, an extension of the close of fact discovery for 90 days from today, until December 17, 2026, is well justified for multiple reasons. Consistent with the staggered deadlines established in the most recent scheduling order (ECF No. 103), we propose December 11, 2026, as the deadline for completing depositions; December 14, 2026, as the deadline for serving requests for admission; and December 17, 2026, as the deadline for completing fact discovery.

To begin with, the requested extension is consistent with the interests of justice, is not sought for undue delay, and will create no genuine prejudice to anyone. PDB brings this case based on alleged beneficial ownership of multiple series of PDVSA bonds for which it claims at least $350 million in payment defaults. (ECF No. 65.) It certainly cannot be heard to complain about providing meaningful, substantive disclosures given the high stakes involved; yet, to date, we understand PDB has produced only about 540 pages of documents and no deposition witnesses. Without having to attribute, for purposes of this letter, blame for the minimal discovery from PDB, the reality is PDVSA also was hamstrung in aggressively advancing the case because of the well-known events surrounding the Venezuelan government's transition dating to March 2026 (followed by the monumental natural disaster affecting the government's focus and resources). As

V&E advised this Court on July 16, 2026, it previously "acted at the direction of the Ad Hoc Board of PDVSA . . ., a body formed by and acting on behalf of the Republic's National Assembly of 2015," but that, in March 2026, the United States recognized Delcy Rodriguez as the "sole head of state of Venezuela," and that PDVSA had "instructed V&E that it is not authorized to act on their behalf in this case." (ECF No. 104.) Thus, from March 2026 until only recently, no counsel was in an authorized position to vigorously litigate on behalf of PDVSA and protect its legitimate interests as a result of the geopolitical events then only complicated by the earthquake crisis. Even though a stay of discovery was lifted only a month ago, authorized counsel was only substituted on September 3, 2026.

Now that our firm has been engaged, PDVSA is committed to diligently and responsibly pushing the case forward. In addition to our need to get up to speed on the underlying facts and legal issues generally, including to analyze the record to date, we have identified a variety of specific matters for which additional discovery appears to be required. We believe the requested 90-day extension for fact discovery provides for an expeditious but reasonable schedule to accomplish appropriate discovery, assuming PDB's cooperation in the discovery process. It also is notable that PDB will incur no genuine prejudice from the requested extension given the protracted process, even assuming liability (which is very much disputed) to enforce any judgment against PDVSA because of various regulatory and commercial hurdles. Based on what is now known by PDVSA (again, new counsel having appeared only yesterday), certain of the critical issues for which focused document and deposition discovery are required include the following:

**OFAC Sanctions.** Beginning on August 24, 2017, U.S. Office of Foreign Assets Control ("OFAC") sanctions broadly prohibited U.S. Persons from directly or indirectly acquiring, investing in, or otherwise obtaining interests in Venezuelan sovereign debt and PDVSA debt, including through investment vehicles or litigation-funding arrangements. While OFAC sanctions evolve over time, PDVSA needs discovery tailored to assess the timing and circumstances of each acquisition to determine if it violated existing sanctions. Further, OFAC maintains the Specially Designated Nationals and Blocked Persons List (the "SDN List"), which identifies individuals and entities subject to U.S. sanctions even independent of the general prohibitions.

PDVSA needs discovery sufficient to assess whether PDB was used as a vehicle to circumvent these restrictions by allowing "blocked" Venezuelan individuals or entities to invest. The same concern applies to any U.S.-based litigation funder financing this action in exchange for a share of any recovery, which would allow U.S. Persons to acquire or retain economic interests tied to the bonds despite OFAC's restrictions. To test those issues, reasonable discovery is required to identify any investor in PDB or its closely aligned parent, Canaima Global Opportunities Fund PCC Limited, to determine if any investor appears on the SDN List or was otherwise prohibited from transacting in the bonds. Investor information is generally discoverable. *See In re SunEdison, Inc. Sec. Litig.*, 2019 WL 12045498, at *2 (S.D.N.Y. Sept. 25, 2019) (no presumptive right to privacy over names of investors).

**Contractual Compliance**: The three bond Indentures pursuant to which the relevant bond series were issued require holders to obtain certain written approvals and registrations independent of OFAC sanctions. Discrete discovery is needed to determine whether PDB and its investors complied with the Indentures' various transfer requirements, whether transfers were accompanied by the required Rule 144A and Regulation S certifications, and whether the ultimate beneficial owners are U.S. Persons, which raises issues under the requirements of the Global Notes set forth in the Indentures.

**Champerty Issues.** Section 489(1) of the New York Judiciary Law bars acquiring a claim with the intent and primary purpose of suing on it. *Justinian Capital SPC v. WestLB AG*, 28 N.Y.3d 160, 166–67 (2016). PDVSA needs discovery focused on the timing and circumstances of each of the bond acquisitions to investigate the purpose of each, an inquiry another judge of this Court recently deemed "a fact-intensive analysis." *Zahn v. Bolivarian Republic of Venezuela*, 2026 WL 2185589, at *7 (S.D.N.Y. July 29, 2026) (Cronan, J.). The statutory safe harbor ("Safe Harbor") only reaches "any . . . purchase or transfer . . . if *such* . . . purchase or transfer included bonds . . . having an aggregate purchase price of at least five hundred thousand dollars." N.Y. Jud. Law § 489(2) (emphasis added). The reference to "such" purchase or transfer applies to the aggregate paid for any unitary transaction for bonds or set of related transactions, and not a portfolio covering disparate parties, bond series and points in time of purchases. Should PDB attempt to invoke Safe Harbor, PDVSA needs sufficient discovery to understand the timing and circumstances of each acquisition. Safe Harbor does not permit investors to escape statutory prohibitions merely by aggregating clearly distinct holdings through a nominal counterparty in which they retain economic interests.

* * *

As we undertake efforts to fairly and properly discover the facts and develop the legal issues relevant to this high stakes case potentially implicating hundreds of millions of dollars, we of course look forward to engaging with PDB's counsel to reach agreements on outstanding discovery issues and means to expedite and streamline the litigation where possible. That goes without saying. But based on our initial, concededly abbreviated review of the record over the past day, we see the requested 90-day extension (until mid-December 2026) as the least amount of time necessary for the parties to have sufficient time to complete proper discovery in furtherance of the interests of justice, due process and sensible case management.

We are appreciative of the Court's attentiveness to these important matters and are at its disposal to address any further issues.

Respectfully,

*/s/ Hal S. Shaftel*

Hal S. Shaftel

cc: Counsel of Record (via ECF)